FILED

2019 DEC 17 AM 11:52

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY: ______

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

ZAMIR SIDDIQI,

Defendant.

CR No. 19CR00760-TJH

I N F O R M A T I O N

[18 U.S.C. § 152(2): False Oaths in Bankruptcy]

The United States Attorney charges:

[18 U.S.C. § 152(2)]

A. INTRODUCTORY ALLEGATIONS

At times relevant to this Information:

Defendant ZAMIR SIDDIQI

1. Defendant ZAMIR SIDDIQI was an investment advisor who resided in Los Angeles County, within the Central District of California.

Bankruptcy Proceedings Generally

2. A bankruptcy case was commenced by the filing of a petition in Bankruptcy Court. The person seeking relief from debts was referred to as the "debtor."

3. The filing of the petition created a "bankruptcy estate"

consisting of all property in which the debtor had an ownership interest at the time the petition was filed, including proceeds, rents, and profits from such property. The "bankruptcy estate" was administered by a court-appointed trustee.

4. A debtor had certain duties after filing for bankruptcy. The debtor was required to file promptly a list of creditors, a schedule of assets and liabilities, a schedule of current income and expenses, and a statement of the debtor's financial affairs. All the property owned or controlled by the debtor had to be disclosed in these schedules and in the statements of financial affairs, even if the debtor was uncertain as to whether it was property of the "bankruptcy estate." The schedules were required to be signed under penalty of perjury. The debtor's duty to disclose all assets continued for the duration of the bankruptcy proceeding and required, when necessary, the filing of amended schedules.

5. Pursuant to Title 11, United States Code, Section 341(a), a debtor in a bankruptcy proceeding was also required to submit to questioning under oath by the trustee and creditors concerning the debtor's assets, liabilities, and financial affairs ("Section 341 meeting of creditors").

6. If the debtor in a Chapter 7 bankruptcy proceeding successfully completed the bankruptcy process, the debtor would, with a few limited exceptions, obtain a permanent discharge from most past debts. The discharge operated as an injunction that prevented the debtor's creditors from attempting to collect from the debtor or the "bankruptcy estate" on debts incurred by the debtor before the filing of the petition.

///

Defendant's Bankruptcy Proceedings

7. On or about December 9, 2013, defendant SIDDIQI filed and caused to be filed in the United States Bankruptcy Court for the Central District of California a petition under Chapter 7 of the Bankruptcy Code that was assigned the case name In re: Zamir Siddiqi and the case number 2:13-bk-38958-RK (the "Siddiqi Bankruptcy"). On or about December 9, 2013, defendant SIDDIQI also filed and caused to be filed the required schedules and statement of financial affairs, which defendant SIDDIQI had executed under penalty of perjury on or about December 8, 2013. In Schedule B (Personal Property), defendant SIDDIQI failed to disclose his ownership interest in Lagoon CCP, LLC ("Lagoon").

8. On or about December 9, 2013, a trustee (the "Chapter 7 Trustee") was appointed by the Court to administer the bankruptcy estate.

9. On or about February 10, 2014, defendant SIDDIQI appeared for, and testified under oath at, a Section 341 meeting of creditors.

10. On or about April 17, 2014, defendant SIDDIQI filed and caused to be filed amended schedules and an amended statement of financial affairs in the Siddiqi Bankruptcy. Defendant SIDDIQI did not amend Schedule B, and did not otherwise disclose his interest in Lagoon or the proceeds he had obtained on or after December 13, 2013, from selling that interest.

11. On or about September 16, 2014, the Court entered a discharge in the Siddiqi Bankruptcy.

12. On or about November 25, 2014, the Chapter 7 Trustee filed a complaint in case name and number, Howard M. Ehrenberg v. Zamir Siddiqi, 2:14-ap-01767-RK, to revoke the discharge of defendant

SIDDIQI that had been entered in the Siddiqi Bankruptcy. On or about March 5, 2015, the discharge that had been entered in the Siddiqi Bankruptcy was revoked.

B. FALSE OATH IN BANKRUPTCY

13. On or about February 10, 2014, within the Central District of California, defendant SIDDIQI knowingly and fraudulently made and caused to be made a false oath and account, in and in relation to a case under Title 11, namely, In re: Zamir Siddiqi, case number 2:13-bk-38958-RK, by stating orally, under oath the following: In response to the question regarding his bankruptcy papers, "Did you list all of your assets?" defendant SIDDIQI responded "Yes, sir." In fact, as defendant SIDDIQI then knew, at the time he filed his bankruptcy papers, he had additional substantial assets that were not listed, including an interest in Lagoon CCP, LLC.

NICOLA T. HANNA
United States Attorney

Scott M. Garringer
Deputy Chief, Criminal Division For:

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

RANEE A. KATZENSTEIN
Assistant United States Attorney
Chief, Major Frauds Section

MONICA E. TAIT
Assistant United States Attorney
Deputy Chief, Major Frauds Section

KAREN E. ESCALANTE
Assistant United States Attorney
Major Frauds Section